**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LENIN STEVEN GOMEZ GUACHAMIN,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN, DELANEY HALL DETENTION FACILITY, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-11559 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Lenin Steven Gomez Guachamin, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Ecuador. (*Id.* ¶ 1). He entered the United States on or about April 17, 2023. (ECF No. 7-2).

3. Petitioner was detained by ICE on or about April 19, 2023 after a Notice to Appear and warrant were issued. (*Id.*; ECF No. 10-2 at 1). He was subsequently released on his own recognizance. (ECF No. 10-3).

4. Petitioner was redetained on August 31, 2026. (ECF No. 10-4).

5. This Petition followed on September 6, 2026. (ECF No. 1).

6. Respondents filed an answer on September 22, 2026 arguing that Petitioner is being detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 7 at 1).

7. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

9. Petitioner sought to clarify the statutory detention authority, (ECF No. 1 ¶ 8), and Respondents have asserted he is being detained pursuant to § 1226, (ECF No. 7 at 1).

10. The Petition also stated that "if Petitioner is detained pursuant to 8 U.S.C. § 1226(a), Petitioner requests prompt access to an individualized custody and bond determination before an Immigration Judge with authority to order his release." (ECF No. 1 ¶ 9).

11. Section 1226 and its implementing regulations require ICE to "provide detainees with a 'prompt bond hearing.'" *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

12. This Court concludes that release is not an appropriate remedy, but it will grant the Petition to the extent that a bond hearing must be scheduled.

13. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 20, 2026